Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that the intent of the Legislature in the enactment of the 65th, 66th and 67th sections of the law establishing the Circuit Superior Courts, Supp. Rev. Code, p. 159, 160, was to authorize in any ejectment, or writ of right, or other real action, the introduction, to a limited extent, of certain matters of equitable defence. The object seems to have been to *288 prevent in cases sometimes occurring, of a plain nature, an oppressive use from being made of the mere legal ti-tie, for the purpose of turning out of possession, and driving into a Court of Equity for relief, the substannot formal owner, invested with a complete equitable right, but unprotected by a technical release or conveyance. The legislative enactment appears to have been dictated, not by a general but a restricted policy, having in view on the one hand, the preventing of gross injustice to the tenants in possession ; and on the other, guarding against the evils of a complicated ‘and protracted litigation, upon principles theretofore unknown to the legal forum. A few classes of cases only were therefore selected, and restricted within narrow limits by careful and cautious provisions.
The 65th section provides for mortgages and deeds of trust, where the mortgage money has been fully paid or the trust completely performed, and nothing remains in the mortgagee or trustee but the shell of legal title, which equity and good conscience require should be absolutely and unconditionally conveyed to the adverse party.
The 66th and 67th sections provide for cases of sales of estates where the vendee has paid up all the purchase money, and performed every thing incumbent on him, so as to entitle him to a specific execution of the contract in equity, and to a conveyance of the legal title, without any condition proper in equity to be on him imposed.
In both classes of cases, the statute requires that the contract, and its precise terms, shall be manifested by plain written evidence. This results in regard to the first class of cases from the very nature of the contract, and in regard to the second is prescribed by language so explicit as to exclude all parol evidence of the terms of the contract; which as to both is admitted only upon the question of performance. The 66th section' pre *289 scribes, as a condition of the equitable defence, that the vendee or his heirs “ shall have plain written evidence,” &c.; thus exacting that the written contract itself shall be produced before the jury, and excluding parol evidence of its contents, though it may have been lost or destroyed. Nor is there any hardship in this, when we consider that a verdict for the defendant upon the equitable matter is decisive against his adversary, and operates as a conveyance of the legal title,, whereas a verdict against the defendant places him in no worse situation than he was in before the statute, inasmuch as he may still resort for relief to a Court of Equity.
In the present case, the tenants did not produce on the trial written evidence of the entire contract on which they relied to sustain their equitable defence. The articles of agreement of the 13th of November 1801, between Charles Davis and Stephen and John Teays, which they gave in evidence, refers to a previous written contract on the same subject, between those parties of the 13th of October 1797, without reciting it, or stating its provisions, but treating it as the original and still operative agreement between them, which it was the object of the new agreement to carry out, with some modifications and additional stipulations, to the correct understanding of which, evidence of the provisions of the first agreement was indispensable j and accordingly it was furnished, not by producing the instrument itself, but by introducing parol testimony of its substance, on the ground that the original had been lost or destroyed. But the Court is of opinion that the two agreements formed one entire contract, and that the parol evidence to prove the first was inadmissible.
The equitable defence made by the tenants, is, however, objectionable upon another ground, more comprehensive. The contract which they proved was not a sale of land within the true intent and meaning of the statute ; and was more in the nature of a partnership *290 than a sale; Davis on his part furnishing an entry of land, which John and Stephen Teays undertook to survey, settle upon and carry into grant, and the parties agreeing to make partition of the land between them, a^er ^ titfe should be perfected. The stipulations of the supplemental agreement, moreover, do not shew that it is a case proper for specific execution by a conveyance of the legal title from the demandants, without any condition proper in equity to be imposed on the tenants. On the contrary, upon that point the argeement, so far from being “ plain,” in the language of the statute, is obscure and difficult in its construction, but would seem to indicate at least that Davis had a right to withhold, under some circumstances, a conveyance of the legal title, for the share of the other parties, until indemnified against costs and expenses occasioned by contests with some description of adverse claimants.
For these and other reasons, it seems to the Court that the facts found by the jury in their special verdict do not make out an equitable defence in the action, such as is warranted by the statute : but, on the contrary, establish a legal title in the demandants, upon which they are entitled to recover, notwithstanding the objection of a legal nature presented in different forms on the part of the tenants, in various stages of the action. That objection is in substance that Mary Teays, the original tenant in the action, having died during its progress, the same could not be revived, and successfully prosecuted against the present tenants therein, who are her heirs at law, because they do not claim the land in controversy as heirs at law of the said Mary Teays, but as her appointees of the remainder in fee after the expiration of her life estate, under a power of appointment conferred upon her, by the last will and testament of her husband, the aforesaid Stephen Teays. But the Court is of opinion, that the demandants had a right to revive and prosecute their action against the heirs of the *291 deceased original tenant therein, without regard to the nature of tho title under which they claimed the laud in controversy, and that they the present tenants in the action had a right to shew upon the trial of the mise, any title in themselves however derived, better than that of the demandants.
Judgment reversed.